UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TPC OPERATIONS, LLC and LENNY DYKSTRA,<br><br>    Plaintiffs,<br><br>-against-<br><br>DOUBLEDOWN MEDIA, LLC and RANDALL LANE,<br><br>    Defendants.<br><br>DOUBLEDOWN MEDIA, LLC,<br><br>    Counterclaimant,<br><br>-against-<br><br>TPC OPERATIONS, LLC, LENNY DYKSTRA, TREND OFFSET PRINTING SERVICES, INC., MITCH SHOSTAK and SHOSTAK STUDIOS, INC.,<br><br>    Counterclaim-Defendants. | No. 08 Civ. 3912 (RB)<br><br>**ANSWER TO COUNTERCLAIMS AND AFFIRMATIVE DEFENSES OF TPC OPERATIONS, LLC AND LENNY DYKSTRA**<br><br>Electronically Filed |

  Plaintiffs and Counterclaim-Defendants TPC Operations, LLC ("TPC") and Lenny Dykstra ("Dykstra") (collectively "Plaintiffs"), by and through their attorneys O'Melveny & Myers LLP, answer the Counterclaims filed by Doubledown Media, LLC ("Doubledown") in the above-captioned matter as follows:

  1. Plaintiffs deny each and every averment and allegation of Paragraph 1 except as follows: Plaintiffs deny for want of knowledge or information the averment that Doubledown is a successful publisher. Plaintiffs admit that Dykstra, a former major league baseball player and entrepreneur, owns TPC and that TPC engaged Doubledown to publish a periodical entitled *The*

*Players Club* which is intended for distribution to professional athletes and contains articles and information concerning finance, investments, life-style choices and other subjects of interest to professional athletes.

2. Plaintiffs deny each and every averment and allegation of Paragraph 2 except as follows: Plaintiffs admit that the relationship between Doubledown and TPC began in 2007 and rapidly soured in 2008.

3. Plaintiffs deny each and every averment and allegation of Paragraph 3.

4. Plaintiffs deny each and every averment and allegation of Paragraph 4 except as follows: Plaintiffs admit that they obtained the content of the second issue of *The Players Club* with the assistance of Shostak Studios. Plaintiffs admit that they entered into an agreement with Trend Offset to print the second issue.

5. Plaintiffs admit on information and belief the allegations contained in Paragraph 5.

6. Plaintiffs admit the allegations contained in Paragraph 6.

7. Plaintiffs admit the allegations contained in Paragraph 7.

8. Plaintiffs admit on information and belief the allegations contained in Paragraph 8.

9. Plaintiffs admit on information and belief the allegations contained in Paragraph 9.

10. Plaintiffs deny each and every averment and allegation of Paragraph 10 except as follows: Plaintiffs admit payments to Shostak Studios for its work on *The Players Club* were to be made by TPC through Doubledown. Plaintiffs admit TPC retained Shostak Studios to provide

services in connection with *The Players Club*; and Plaintiffs admit on information and belief that Shostak Studios' principal place of business is in New York.

11. Plaintiffs deny the allegations in Paragraph 11 except admit that Doubledown asserts the counterclaims listed therein. To the extent Paragraph 11 calls for a legal conclusion, no response is required.

12. Paragraph 12 calls for a legal conclusion, no response is required.

13. Plaintiffs deny for want of knowledge or information each and every averment and allegation of Paragraph 13.

14. Plaintiffs deny each and every averment and allegation of Paragraph 14 except as follows: Plaintiffs admit that Dykstra is a former professional baseball player who played for the New York Mets and Philadelphia Phillies and Dykstra is an entrepreneur with experience in a variety of fields.

15. Plaintiffs deny each and every averment and allegation of Paragraph 15 except as follows: Dykstra is an owner of TPC, d/b/a The Players Club. The Players Club publishes a magazine by the same name distributed to professional athletes, providing monthly educational information regarding finances, with the goal of enhancing every player's ability to make informed career and life decisions. The magazine contains advertisements sponsored by companies whose products may be of interest to professional athletes.

16. Plaintiffs deny each and every averment and allegation of Paragraph 16 except as follows: Plaintiffs admit that TPC engaged Doubledown in 2007 to provide services to TPC in connection with the production of the first two issues of *The Players Club*. Plaintiffs admit that Dykstra wrote an email to Randall Lane by email on July 30, 2007, and refer the Court to that email for its true and complete terms.

3

17. Plaintiffs deny each and every averment and allegation of Paragraph 16 except as follows: Plaintiffs admit that Dykstra met with companies in the financial services industry to develop TPC's business and Doubledown assisted in developing marketing and sales materials for *The Players Club*.

18. Plaintiffs deny each and every averment and allegation of Paragraph 18.

19. Plaintiffs deny each and every averment and allegation of Paragraph 19 except as follows: Plaintiffs admit that prior to October 22, 2007 there was no written contract between the parties. Plaintiffs admit that on October 22, 2007 the parties executed a "Letter of Agreement," and refer the Court to that document for its true and complete terms.

20. Plaintiffs deny each and every averment and allegation of Paragraph 20 except as follows: Plaintiffs refer the Court to the October 22, 2007 "Letter of Agreement" between the parties for its true and complete terms. Plaintiffs admit that Dykstra had written to Doubledown regarding payment, and refer the Court to those documents for their true and complete terms. Plaintiffs admit that they have paid at least $650,000 to Doubledown.

21. Plaintiffs deny each and every averment and allegation of Paragraph 21 except as follows: Plaintiffs admit that in December 2007, problems began to surface in the relationship between Doubledown, TPC and Dykstra.

22. Plaintiffs deny each and every averment and allegation of Paragraph 22.

23. Plaintiffs deny each and every averment and allegation of Paragraph 23.

24. Plaintiffs deny each and every averment and allegation of Paragraph 24 except as follows: Plaintiffs admit that Shostak Studios was retained to work on *The Players Club* and TPC paid Shostak Studios through Doubledown.

25. Plaintiffs deny each and every averment and allegation of Paragraph 25 except as follows: Plaintiffs admit that Doubledown, TPC and Dykstra modified the contract and agreed to an arrangement whereby Doubledown would invoice TPC for approved costs associated with *The Players Club* and TPC would pay Doubledown a $50,000 per-issue management fee to cover certain costs, including editors and a project manager.

26. Plaintiffs deny each and every averment and allegation of Paragraph 26 except as follows: Plaintiffs admit that they were given spreadsheets by Doubledown, but aver that Doubledown refused to provide third-party invoices and other documentation to verify the alleged expenses described in the spreadsheets. Plaintiffs deny that Doubledown made a "standing offer" to audit Doubledown's books and invoices, and aver that Doubledown instead demanded that Dykstra appear at Doubledown's offices on less than one day's notice to audit Doubledown's records, knowing that such an audit could not be completed in a time frame to allow the timely printing and distribution of the second issue of *The Players Club*.

27. Plaintiffs deny each and every averment and allegation of Paragraph 27 except as follows: Plaintiffs admit that the first issue of *The Players Club* was published in April 2008.

28. Plaintiffs deny each and every averment and allegation of Paragraph 28.

29. Plaintiffs deny each and every averment and allegation of Paragraph 29.

30. Plaintiffs deny each and every averment and allegation of Paragraph 30 except as follows: Plaintiffs admit that the parties held a face-to-face meeting in New York on April 14, 2008 and orally agreed their relationship would terminate after publication of the second issue of *The Players Club*.

31. Plaintiffs deny each and every averment and allegation of Paragraph 31 except as follows: Plaintiffs admit that they advised Doubledown, through counsel, that they would not

comply with Doubledown's demand payments until such time as Doubledown provided documentation of its alleged expenses.

32. Plaintiffs deny each and every averment and allegation of Paragraph 32 except as follows: Plaintiffs admit that they threatened Doubledown with litigation if it held up the publication of the second issue. Plaintiffs admit that Dykstra visited the Pennsylvania offices of the printer and requested that the printer proceed with the printing of the second issue, and aver that the printer refused to proceed because it had been instructed not to do so by Doubledown.

33. Plaintiffs deny each and every averment and allegation of Paragraph 33 except as follows: Plaintiffs admit that Shostak Studios provided them with materials jointly created by Plaintiffs and Doubledown. Plaintiffs deny for want of knowledge or information the allegations in Paragraph 33 regarding the knowledge and intent of Shostak and Shostak Studios. Plaintiffs admit that Shostak solicited bids from third-party printers on behalf of Plaintiffs.

34. Plaintiffs deny each and every averment and allegation of Paragraph 34 except as follows: Plaintiffs admit that they reached an agreement with Trend Offset to print the second issue of *The Players Club*. Plaintiffs deny for want of knowledge or information the allegations in Paragraph 34 regarding the knowledge and intent of Trend Offset.

35. Plaintiffs deny each and every averment and allegation of Paragraph 35 except as follows: Plaintiffs admit that the articles attached to the Counterclaims as Exhibit C are copies of excerpts from the second issue of *The Players Club* as printed by Trend Offset.

36. Plaintiffs admit the allegations contained in Paragraph 36 except as follows: Plaintiffs deny the implication that TPC should not have published the second issue of *The Players Club* without Doubledown's authorization, or listed Lane's name without his authorization.

37.  Plaintiffs deny each and every averment and allegation of Paragraph 37 except as follows: Plaintiffs admit that the Dykstra conceived of and created an investment newsletter through TheStreet.com named *Nails on the Numbers*.

38.  In response to Paragraph 38, Plaintiff repeats and realleges its responses to Paragraphs 1 through 37.

39.  Plaintiffs admit the allegations contained in Paragraph 39.

40.  Plaintiffs deny each and every averment and allegation of Paragraph 40.

41.  Plaintiffs deny each and every averment and allegation of Paragraph 41.

42.  Plaintiffs deny each and every averment and allegation of Paragraph 42.

43.  In response to Paragraph 43, Plaintiffs repeat and reallege their responses to Paragraphs 1 through 42.

44.  Plaintiffs deny each and every averment and allegation of Paragraph 44.

45.  Plaintiffs deny each and every averment and allegation of Paragraph 45.

46.  Plaintiffs deny each and every averment and allegation of Paragraph 46.

47.  Plaintiffs deny each and every averment and allegation of Paragraph 47.

48.  In response to Paragraph 48, Plaintiffs repeat and realleges their responses to Paragraphs 1 through 47.

49.  Plaintiffs deny each and every averment and allegation of Paragraph 49 except as follows: Plaintiffs admit that Doubledown rendered services to TPC in connection with *The Players Club* and Doubledown was paid for those services.

50.  Plaintiffs deny each and every averment and allegation of Paragraph 50 except as follows: Plaintiffs admit that they accepted and paid for Doubledown's services in connection with *The Players Club*.

51. Plaintiffs deny for want of knowledge or information each and every averment and allegation of Paragraph 51.

52. Plaintiffs deny each and every averment and allegation of Paragraph 52.

53. Plaintiffs deny each and every averment and allegation of Paragraph 53.

54. In response to Paragraph 54, Plaintiffs repeat and reallege their responses to Paragraphs 1 through 53.

55. Plaintiffs deny each and every averment and allegation of Paragraph 55.

56. Plaintiffs deny each and every averment and allegation of Paragraph 56.

57. Plaintiffs deny each and every averment and allegation of Paragraph 57.

58. In response to Paragraph 58, Plaintiffs repeat and reallege their responses to Paragraphs 1 through 57.

59. Plaintiffs deny each and every averment and allegation of Paragraph 59 except as follows: Plaintiffs admit that they agreed to be responsible for approved reasonable costs advanced by Doubledown for certain expenses related to *The Players Club*.

60. Plaintiffs deny each and every averment and allegation of Paragraph 60 except as follows: Plaintiffs admit that Doubledown incurred costs in furtherance of its obligations associated with *The Players Club*.

61. Plaintiffs deny each and every averment and allegation of Paragraph 61.

62. Plaintiffs deny each and every averment and allegation of Paragraph 62.

63. In response to Paragraph 63, Plaintiffs repeat and reallege their responses to Paragraphs 1 through 62.

64. Plaintiffs deny each and every averment and allegation of Paragraph 64.

65. Plaintiffs admit the allegations contained in Paragraph 65 except as follows: Plaintiffs deny the implication that Plaintiffs needed Doubledown's authorization to use the articles.

66. Plaintiffs admit the allegations contained in Paragraph 66.

67. Plaintiffs deny each and every averment and allegation of Paragraph 67.

68. Plaintiffs admit the allegation in Paragraph 68 that Shostak and/or Shostak Studios reproduced the articles. Plaintiffs deny for want of knowledge or information the allegations in Paragraph 67 regarding the knowledge and intent of Shostak and Shostak Studios.

69. Plaintiffs admit the allegation in Paragraph 69 that Trend Offset reproduced the articles. Plaintiffs deny for want of knowledge or information the allegations in Paragraph 67 regarding the knowledge and intent of Trend Offset.

70. Plaintiffs deny each and every averment and allegation of Paragraph 70.

71. Plaintiffs deny each and every averment and allegation of Paragraph 71.

72. In response to Paragraph 72, Plaintiffs repeat and reallege their responses to Paragraphs 1 through 71.

73. Plaintiffs deny each and every averment and allegation of Paragraph 73 except as follows: Plaintiffs admit that they published the second issue of *The Players Club*, and refer the Court to that document.

74. Plaintiffs deny each and every averment and allegation of Paragraph 74.

75. Plaintiffs deny each and every averment and allegation of Paragraph 75.

76. Plaintiffs deny for want of knowledge or information the allegations in Paragraph 76.

77. Plaintiffs deny the allegation in Paragraph 77 that Trend Offset published false statements in the second issue of *The Players Club*. Plaintiffs deny for want of knowledge or information the allegations in Paragraph 77 regarding the knowledge and intent of Trend Offset.

78. Plaintiffs deny each and every averment and allegation of Paragraph 78.

79. Plaintiffs deny each and every averment and allegation of Paragraph 79.

80. In response to Paragraph 80, Plaintiffs repeat and reallege their responses to Paragraphs 1 through 79.

81. Plaintiffs deny each and every averment and allegation of Paragraph 81 except as follows: Plaintiffs admit that Dykstra wrote an email to persons solicited by Doubledown on May 8, 2008, and refer the Court to that email for its true and complete terms.

82. Plaintiffs deny each and every averment and allegation of Paragraph 82 except as follows: Plaintiffs admit that Dykstra wrote an email to persons solicited by Doubledown on May 8, 2008, and refer the Court to that email for its true and complete terms.

83. Plaintiffs deny each and every averment and allegation of Paragraph 83.

84. Plaintiffs deny each and every averment and allegation of Paragraph 84.

85. Plaintiffs deny each and every averment and allegation of Paragraph 85.

86. Plaintiffs deny each and every averment and allegation of Paragraph 86.

87. Plaintiffs deny each and every averment and allegation of Paragraph 87.

88. In response to Paragraph 88, Plaintiffs repeat and reallege their responses to Paragraphs 1 through 87.

89. Plaintiffs deny each and every averment and allegation of Paragraph 89 except as follows: Plaintiffs admit that the second issue of *The Players Club* was printed using electronic

and non-electronic materials that were jointly created by Plaintiffs and Doubledown at Plaintiffs expense.

90. Plaintiffs deny each and every averment and allegation of Paragraph 90.

91. Plaintiffs deny each and every averment and allegation of Paragraph 91.

92. Plaintiffs deny each and every averment and allegation of Paragraph 92.

93. Plaintiffs deny each and every averment and allegation of Paragraph 93.

## AFFIRMATIVE DEFENSES

1. Doubledown's breach of contract claim regarding *The Dykstra Report* is barred by the Statute of Frauds.

2. Doubledown's common-law claims are preempted by 17 U.S.C. § 301 to the extent that they derive from the alleged misappropriation of rights within the scope of the Copyright Act.

3. Doubledown's claims asserting infringement or misappropriation of content in the second issue of *The Players Club* are barred because that issue is a joint work co-owned by Plaintiffs.

4. Doubledown's claims asserting infringement or misappropriation of content in the second issue of *The Players Club* are barred because Doubledown's work on that issue was for hire.

5. Doubledown's claims asserting infringement or misappropriation of content in the second issue of *The Players Club* are barred because Plaintiffs had an implied license to use all copyrightable work product contributed by Doubledown.

6. Doubledown's copyright infringement claim is barred by the doctrine of copyright misuse.

7. Doubledown's Lanham Act claim is barred because it does not have a protectible mark in the relevant category of services.

8. Doubledown's Lanham Act claim is barred under the doctrine of "nominative fair use."

9. Doubledown's claims are barred under the doctrine of unclean hands.

10. Doubledown's claims are barred because it has suffered no cognizable damages.

11. Doubledown's Lanham Act claim is barred because an injunction is improper where a disclaimer or explanation will suffice.

12. Doubledown has failed to mitigate its purported damages and recovery of any such damages, if any, must be reduced accordingly.


Dated: New York, New York
       June 2, 2008

O'MELVENY & MYERS LLP

By: _____
    Edward D. Hassi, Esq.

Times Square Tower
7 Times Square
New York, New York 10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061
ehassi@omm.com

*Attorneys for Plaintiffs /
Counterclaim-Defendants*

12