UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TPC OPERATING, LLC and LENNY DYKSTRA, <br><br> Plaintiffs, <br><br> -against- <br><br> DOUBLEDOWN MEDIA, LLC and RANDALL LANE, <br><br> Defendants. <br> ——————————————————— <br> DOUBLEDOWN MEDIA, LLC, <br><br> Counterclaimant, <br><br> -against- <br><br> TPC OPERATIONS, LLC, LENNY DYKSTRA, TREND OFFSET PRINTING SERVICES, INC., MITCH SHOSTAK and SHOSTAK STUDIOS, INC., <br><br> Counterclaim-Defendants. | Case No.  08 Civ. 3912(RB) <br><br> **ANSWER OF DEFENDANT TREND OFFSET PRINTING SERVICES, INC. TO SECOND AMENDED COUNTERCLAIMS; CROSS-CLAIM AGAINST PLAINTIFF/COUNTERCLAIM DEFENDANTS TPC OPERATIONS, LLC A/K/A TPC OPERATING, LLC and LENNY DYKSTRA; and DEMAND FOR JURY TRIAL** |

Counterclaim-Defendant Trend Offset Printing Services, Inc. ("Trend Offset"), on behalf of itself and no other party, as and for its Answer to the Second Amended Counterclaims of Defendant-Counterclaimant Doubledown Media, LLC ("Doubledown") and its Crossclaim against Counterclaim-Defendants TPC Operations, LLC and Lenny Dykstra, herein alleges as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of said Counterclaims.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of said Counterclaims.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of said Counterclaims.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of said Counterclaims.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of said Counterclaims.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of said Counterclaims.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of said Counterclaims.

8.      Denies the allegations set forth in Paragraph 8 of said Counterclaims, except Admits so much of said paragraph which alleges that Trend Offset is a corporation organized and existing under the laws of the State of California, with its principal place of business located in the State of California.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of said Counterclaims.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of said Counterclaims.

11.      Denies the allegations set forth in Paragraph 11 of said Counterclaims, except Admits so much of said paragraph which alleges that Doubledown is asserting Counterclaims for breach of contract, quantum meruit, unjust enrichment, promissory estoppel, unfair competition,

copyright infringement, false designation of origin and false advertising, but denies any liability arising therefrom.

12.    Denies the allegations set forth in Paragraph 12 of said Counterclaims as alleged against Trend Offset, and further denies knowledge or information sufficient to form a belief as to the truth of each other and further allegations set forth in said Paragraph.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of said Counterclaims.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of said Counterclaims.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of said Counterclaims.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of said Counterclaims.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of said Counterclaims.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of said Counterclaims.

19.    Neither Admits nor Denies the allegations set forth in Paragraph 19, but refers to the document referenced therein for its exact terms, legal force and effect.  To the extent that a further answer may be required, denies knowledge or information sufficient to form a belief as to the truth each other allegation set forth in said paragraph.

20.    Neither admits nor denies the allegations set forth in Paragraph 20, but refers to the document referenced therein for its exact terms, legal force and effect.  To the extent that a

further answer may be required, denies knowledge or information sufficient to form a belief as to the truth each other allegation set forth in said paragraph.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of said Counterclaims.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of said Counterclaims.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of said Counterclaims.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of said Counterclaims.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of said Counterclaims.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of said Counterclaims.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of said Counterclaims.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of said Counterclaims.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of said Counterclaims.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of said Counterclaims.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of said Counterclaims.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of said Counterclaims.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of said Counterclaims.

34.    Denies the allegations set forth in Paragraph 34 of said Counterclaims; except admits that it agreed to print certain materials furnished to it by TPC and Dykstra.

35.    Denies the allegations set forth in Paragraph 35 of said Counterclaims; except admits so much of said paragraph which alleges that excerpts of the Second Issue are attached as Exhibit C to said Counterclaims.

36.    Denies the allegations set forth in Paragraph 36 of said Counterclaims; except admits that the masthead lists Lane as Editor-in-Chief.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of said Counterclaims.

## COUNT I
### (Against TPC and Dykstra)

38.    Repeats and realleges all of its prior responses set forth herein in response to the allegations set forth Paragraph 38 of said Counterclaims.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of said Counterclaims.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of said Counterclaims.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of said Counterclaims.

42.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of said Counterclaims.

## COUNT II
### (Against TPC and Dykstra)

43.    Repeats and realleges all of its prior responses set forth herein in response to the allegations set forth Paragraph 43 of said Counterclaims.

44.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of said Counterclaims.

45.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of said Counterclaims.

46.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of said Counterclaims.

47.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of said Counterclaims.

## COUNT III
### (Against TPC and Dykstra)

48.    Repeats and realleges all of its prior responses set forth herein in response to the allegations set forth Paragraph 48 of said Counterclaims.

49.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of said Counterclaims.

50.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of said Counterclaims.

51.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of said Counterclaims.

52.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of said Counterclaims.

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of said Counterclaims.

## COUNT IV
### (Against TPC and Dykstra)

54.    Repeats and realleges all of its prior responses set forth herein in response to the allegations set forth Paragraph 54 of said Counterclaims.

55.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of said Counterclaims.

56.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of said Counterclaims.

57.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of said Counterclaims.

## COUNT V
### (Against TPC and Dykstra)

58.    Repeats and realleges all of its prior responses set forth herein in response to the allegations set forth Paragraph 58 of said Counterclaims.

59.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of said Counterclaims.

60.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of said Counterclaims.

61.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of said Counterclaims.

62.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of said Counterclaims.

## COUNT VI
### (Against All Counterclaim Defendants)

63.    Repeats and realleges all of its prior responses set forth herein in response to the allegations set forth Paragraph 63 of said Counterclaims.

64.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of said Counterclaims.

65.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of said Counterclaims; except admits that an issue of The Players' Club was printed by Trend Offset.

66.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of said Counterclaims.

67.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of said Counterclaims.

68.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of said Counterclaims.

69.    Denies the allegations set forth in Paragraph 69 of said Counterclaims.

70.    Denies the allegations set forth in Paragraph 70 of said Counterclaims.

71.    Denies the allegations set forth in Paragraph 71 of said Counterclaims.

## COUNT VII
### (Against All Counterclaim Defendants)

72.    Repeats and realleges all of its prior responses set forth herein in response to the allegations set forth Paragraph 72 of said Counterclaims.

73.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of said Counterclaims except denies that Trend Offset published the Second Issue of The Player's Club magazine.

74.    Denies the allegations set forth in Paragraph 74 of said Counterclaims.

75.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of said Counterclaims.

76.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of said Counterclaims.

77.    Denies the allegations set forth in Paragraph 77 of said Counterclaims.

78.    Denies the allegations set forth in Paragraph 78 of said Counterclaims.

79.    Denies the allegations set forth in Paragraph 79 of said Counterclaims.

## COUNT VIII
### (Against TPC and Dykstra)

80.    Repeats and realleges all of its prior responses set forth herein in response to the allegations set forth Paragraph 80 of said Counterclaims.

81.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of said Counterclaims.

82.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of said Counterclaims.

83.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of said Counterclaims.

84.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of said Counterclaims.

85.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of said Counterclaims.

86.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of said Counterclaims.

87.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of said Counterclaims.

### COUNT IX
### (Against All Counterclaim Defendants)

88.    Repeats and realleges all of its prior responses set forth herein in response to the truth of the allegations set forth in Paragraph 88 of said Counterclaims.

89.    Denies the allegations set forth in Paragraph 89 of said Counterclaims.

90.    Denies the allegations set forth in Paragraph 90 of said Counterclaims.

91.    Denies the allegations set forth in Paragraph 91 of said Counterclaims.

92.    Denies the allegations set forth in Paragraph 92 of said Counterclaims.

93.    Denies the allegations set forth in Paragraph 93 of said Counterclaims.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

94.    Upon information and belief, Defendant-Counterclaimant Doubledown's claims are barred in whole or in part by the doctrine of estoppel.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

95.    Upon information and belief, Defendant-Counterclaimant Doubledown's claims are barred in whole or in part by the doctrine of unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

96.    Upon information and belief, Defendant-Counterclaimant Doubledown's claims are barred in whole or in part by licenses, express and implied, granted or authorized to be granted by Doubledown.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

97.    Upon information and belief, Defendant-Counterclaimant Doubledown's claims are barred in whole or in part by the doctrine of fair use.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

98.    Upon information and belief, Defendant-Counterclaimant Doubledown's claims are barred in whole or in part by doctrine of collateral use.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

99.    Upon information and belief, Defendant-Counterclaimant Doubledown's claims are barred in whole or in part by doctrine of copyright misuse.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

100.    Any infringements that may have been committed by Trend Offset were inadvertent and not willful.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

101.    Defendant-Counterclaimant Doubledown's damages, if any, are limited by the innocent intent and good faith of Counterclaim-Defendant Trend Offset.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

102.    Upon information and belief, Defendant-Counterclaimant Doubledown's claims are barred in whole or in part because Doubledown has failed to mitigate its damages, if any.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE AND FIRST CROSSCLAIM AGAINST LENNY DYKSTRA AND TPC OPERATIONS, LLC

103.    Upon information and belief at all times relevant hereto, Lenny Dykstra ("Dykstra") was and is a resident of the State of California.

104.    Upon information and belief at all times relevant hereto, TPC Operations, LLC ("TPC") was and is a California limited liability company, with its principal place of business located in the State of California.

105.    At all times relevant hereto, Trend Offset was and is a California limited liability company with its principal place of business located in the State of California.

106.    On or about April 25, 2008, Trend Offset was approached by Dykstra and TPC with a request to print the second issue of the magazine entitled "The Players' Club" (the "Magazine").

107.    Trend Offset issued a quotation for the printing work requested by it of Dykstra and TPC.

108.    On or about April 25, 2008, Dykstra, on behalf of himself and TPC executed the quotation, thereby entering into a contractual arrangement with Trend Offset for the printing of the Magazine, and any future issues of the Magazine (the "Contract").  A copy of said Contract is attached hereto labeled **Exhibit A**, and incorporated herein by reference as though fully set forth at length.

109.    Pursuant to Paragraph 17 of the Contract, Dykstra and TPC agreed to:

> "Indemnify and hold harmless Trend from any and all loss, cost, expense and damages (including court costs and reasonable attorneys' fees) on account of any and all manner of claims, demands, actions and proceedings that may be instituted against Trend on grounds alleging that the said printing violates any copyrights or any proprietary right of any person or that it contains any matter that is libelous or obscene or scandalous, or invades any persons right to privacy or other personal rights.  [Dykstra and TPC agree] at the customer's own expense to promptly defend and continue to the defense of any such claim, demand, action or proceeding that may be brought against Trend, provided that Trend shall promptly notify with respect thereto, and provided further that Trend shall give the customer such reasonable defense thereof."

110.    On or about May 14, 2008, Trend Offset was served with a copy of the Answer and First Amended Counterclaims of Defendant-Counterclaimant Doubledown Media, LLC ("Doubledown"); thereafter, Trend Offset was served with Doubledown's Answer and Second Amended Counterclaims.

111.    In said Answer with Counterclaims, Doubledown alleges Counterclaims against Trend Offset for copyright infringement, trademark infringement and unfair competition under

the Lanham Act. All of said Counterclaims as alleged against Trend Offset arise from and are related to the printing of the second issue of the Magazine by Trend Offset for Dykstra and TPC pursuant to the contract.

112.    Pursuant to the terms and conditions of Dykstra and TPC's agreement to indemnify and hold Trend Offset harmless, Dykstra and TPC are liable to Trend Offset for all damages, costs, expenses and reasonable attorneys' fees incurred by Trend Offset in this action.

113.    By reason of the foregoing, in the event judgment is rendered against Trend Offset in this action, Trend Offset is entitled to judgment against Dykstra and TPC, for all damages, costs, expenses and reasonable attorneys' fees incurred by Trend Offset herein.

## RELIEF REQUESTED

WHEREFORE, Counterclaim-Defendant Trend Offset requests the following relief:

1.    Judgment in favor of Counterclaim-Defendant Trend Offset Printing Services, Inc. denying all relief requested in the Counterclaims of Defendant-Counterclaimant Doubledown Media, LLC, and dismissing said Counterclaims against it with prejudice;

2.    Judgment as against Lenny Dykstra and/or TPC Operations, LLC on its crossclaim indemnifying it for all damages, costs, expenses and reasonable attorneys' fees incurred by Trend Offset Printing Services, Inc. in this action;

3.    That Counterclaim-Defendant Trend Offset Printing Services, Inc. be awarded its costs of suit; and

4.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Counterclaim-Defendant Trend Offset Printing

Services, Inc. demands a trial by jury on all issues so triable.

DATED:      June 19, 2008
              Buffalo, New York

                                LIPSITZ GREEN SCIME CAMBRIA LLP


                                  s/ Jeffrey F. Reina
                         By:  _____
                                  Jeffrey F. Reina, Esq.
                                  William M. Feigenbaum, Esq.
                         Attorneys for Counterclaim-Defendant
                         and Crossclaimant
                         Trend Offset Printing Services, Inc.
                         42 Delaware Avenue, Suite 120
                         Buffalo, New York 14202
                         (716) 849-1333

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| TPC OPERATING, LLC and LENNY DYKSTRA, <br><br> Plaintiffs, <br><br> -against- <br><br> DOUBLEDOWN MEDIA, LLC and RANDALL LANE, <br><br> Defendants. | Case No.  08 Civ. 3912(RB) |
| DOUBLEDOWN MEDIA, LLC, <br><br> Counterclaimant, <br><br> -against- <br><br> TPC OPERATIONS, LLC, LENNY DYKSTRA, TREND OFFSET PRINTING SERVICES, INC., MITCH SHOSTAK and SHOSTAK STUDIOS, INC., <br><br> Counterclaim-Defendants. | |

I, Pamela M. Johnson, hereby certify that I am a member of Lipsitz Green Scime Cambria LLP, attorneys for the Counterclaim-Defendant herein and that on June 19, 2008 I caused to be served a true and correct copy of Rule 7.1 Disclosure Statement and Answer of Defendant Trend Offset Printing Services, Inc. to Second Amended Counterclaims against Plaintiff/Counterclaim Defendant TPC Operations LLC a/k/a TPC Operating, LLC and Lenny Dykstra; and Demand for Jury Trial by depositing same into postage paid envelope and depositing with the United States Postal Service for delivery to:

Daniel M. Petrocelli
O'Melveny & Myers LLP
1999 Avenue of the Stars
Suite 700
Los Angeles, CA 90067

s/ Pamela Johnson
_____
Pamela Johnson